UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Teri Smith,<br><br>        Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>        Defendant. | Case No. 13-cv-0439 (SRN/TNL)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Jonathan L. R. Drewes and Michael J. Wang, Drewes Law, PLLC, 1516 West Lake Street, Suite 300, Minneapolis, Minnesota 55408, for Plaintiff.

D. Charles Macdonald and Jessica Z. Savran, Faegre Baker Daniels LLP, 90 South Seventh Street, Suite 2200, Minneapolis, Minnesota 55402-3901, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [Doc. No. 4] Plaintiff Teri Smith's Complaint [Doc. No. 1] with prejudice. For the reasons set forth below, the Court grants Defendant's Motion.

## II.  BACKGROUND

In this lawsuit, Plaintiff is challenging the foreclosure of the mortgage on her home. Plaintiff executed a mortgage on property located in Eagan, Minnesota ("Mortgage"), in favor of Minnesota Lending Company, LLC, in February 2009, and the Mortgage was assigned to Defendant later that year. (Compl. ¶¶ 1, 3 [Doc. No. 1]; App. 1–2, 10 [Doc. No. 7].) In 2012, Defendant began foreclosure-by-advertisement proceedings. Relevant to this

lawsuit, the Notice of Mortgage Foreclosure Sale ("Notice of Sale"), dated April 4, 2012, was published in the Farmington Independent for six consecutive weeks, beginning on April 12, 2012. (Compl. ¶¶ 10, 15 [Doc. No. 1]; App. 20 [Doc. No. 7].) The Farmington Independent is listed on the Minnesota Secretary of State's website as a legal newspaper for Dakota County. See Legal Newspapers, Minnesota Secretary of State, http://www.sos.state.mn.us/index.aspx?page=98. On April 16, 2012, the Notice of Foreclosure Sale and Help for Homeowners in Foreclosure Notice were served on Plaintiff. (App. 22 [Doc. No. 7].) In addition, through a Power of Attorney to Foreclose Mortgage ("Power of Attorney") acknowledged on April 17, 2012,[1] Defendant authorized the law firm of Shapiro & Zielke, LLP, to "to do all things necessary and incident" to foreclosing the Mortgage by advertisement. (Compl. ¶ 9 [Doc. No. 1]; App. 11–12 [Doc. No. 7].) The Power of Attorney states that it was effective as of April 3, 2012, and that it is meant to "ratify all acts of the appointed agent that are consistent with th[e] Power of Attorney taken at any time since such effective date." (App. 11 [Doc. No. 7].) The Power of Attorney was recorded on April 26, 2012, (id.), and the property was sold at a foreclosure sale on August 7, 2012, (id. at 13–14).

Plaintiff's Complaint raises five causes of action based on the foreclosure proceedings. Count I alleges that Defendant failed to strictly comply with Minn. Stat. § 580.05 because the Power of Attorney was executed after both the date of the Notice of

---

[1] The Power of Attorney is dated April 4, 2012, but the notary "acknowledged" the document on April 17, 2012. (App. 11–12 [Doc. No. 7].) Plaintiff bases her claims on the April 17 date. (See Compl. ¶ 9 [Doc. No. 1].) Therefore, for purposes of this analysis, the Court will assume the date of the Power of Attorney is April 17.

2

Sale and the date of the first publication of the Notice of Sale. (Compl. ¶¶ 5–13 [Doc. No. 1].) Count II alleges that Defendant failed to strictly comply with Minn. Stat. §§ 580.03 and 331A.03 because the Farmington Independent is not sufficiently circulated in Eagan to be qualified to publish the Notice of Sale. (Id. ¶¶ 14–20.) Count III alleges that Defendant failed to strictly comply with Minn. Stat. §§ 580.03 and 580.041 because the phone number included on the Help for Homeowners in Foreclosure Notice was the general number for Defendant rather than the loss mitigation phone number. (Id. ¶¶ 21–28.) In Count IV, Plaintiff seeks to have the title to the property at issue quieted in her name, subject to the Mortgage. (Id. ¶¶ 29–33.) Finally, Count V alleges slander of title against Defendant. (Id. ¶¶ 34–49.)

Defendant filed a motion to dismiss Plaintiff's Complaint on March 4, 2013 [Doc. No. 4], along with a supporting memorandum [Doc. No. 6] and several exhibits [Doc. No. 7]. Plaintiff filed an opposition memorandum on March 25 [Doc. No. 11], along with an affidavit and several exhibits [Doc. No. 12]. Defendant filed a reply brief on April 5 [Doc. No. 13], and the matter was heard on June 6 [Doc. No. 14].

### III. DISCUSSION

#### A. Standard of Review

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).[2]

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough

---

[2] In support of its motion, Defendant filed copies of the following documents: the Mortgage, (App. 1–9 [Doc. No. 7]); the assignment of the Mortgage to Defendant, (id. at 10); the Power of Attorney, (id. at 11–12); the Sheriff's Certificate of Foreclosure Sale, along with Affidavits of Publication and an Affidavit of Service, (id. at 13–24); and the Help for Homeowners in Foreclosure Notice, (id. at 25). The Court may properly consider these documents because they are necessarily embraced by the pleadings. Likewise, the Court may properly consider the list of legal newspapers found on the Minnesota Secretary of State's website because it is a public record.

fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

    B.    **The Claims**

        1.    **Minn. Stat. § 580.05 (Power of Attorney)**

Count I of Plaintiff's Complaint fails because the facts alleged do not state a plausible claim that the Power of Attorney was invalid. In Minnesota,

> [w]hen an attorney at law is employed to conduct [a] foreclosure [by advertisement], the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had.

Minn. Stat. § 580.05 (emphasis added).

In this case, Plaintiff claims that no valid power of attorney existed when the law firm of Shapiro & Zielke, LLP, created the Notice of Sale and caused it to be published, because the Power of Attorney was executed after the date of the Notice of Sale and after the date of the first publication of the Notice of Sale. (See Compl. ¶¶ 8–11 [Doc. No. 1].) However, the relevant statute does not dictate when the power of attorney must be executed. Rather, it requires only that the power of attorney be recorded prior to the foreclosure sale. Here, the Power of Attorney was recorded on April 26, 2012, and the property was sold at a foreclosure sale on August 7, 2012. Thus, Defendant complied with the statutory requirements.

Plaintiff makes two main arguments in support of her contention that a power of attorney must be executed prior to the date of the notice of sale and its first publication.

5

First, she argues that any holding to the contrary would render superfluous the curative provisions in Minn. Stat. § 582.25. (See Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp. Mem.") at 10–12 [Doc. No. 11].) Under that statute, after a certain period of time, no objections to the validity of a foreclosure can be made based on the fact that the power of attorney was executed after the date of the printed notice of sale or after the date of the first publication of the notice of sale. Minn. Stat. § 582.25(1)(v). According to Plaintiff, if those circumstances did not constitute a defect, then the legislature would not have created a curative provision to address them. (See Pl.'s Opp. Mem. at 11–12 [Doc. No. 11].) Plaintiff's argument fails. Curative statutes are meant to correct errors, and there is no error here. As discussed above, there is no statutory provision dictating when a power of attorney must be executed; there is only a statutory provision dictating when the power of attorney must be recorded. Here, the recording of the Power of Attorney complied with the statute.

Second, Plaintiff argues that using the word "ratified" in the Power of Attorney does not render the Power of Attorney valid. (See id. at 12–13.) This argument also fails. The power of a principal to retroactively validate the acts of its agents has long been recognized, see United States v. Heinszen, 206 U.S. 370, 382 (1907), and nothing in Minn. Stat. § 580.05 prohibits such ratification. Here, the Power of Attorney ratified all acts taken by Defendant's agent, Shapiro & Zielke, LLP, beginning on April 3, 2012, which pre-dates the Notice of Sale (April 4, 2012) and the date of first publication of the Notice of Sale (April 12, 2012). In addition, there is no claim that the foreclosure process itself was unwarranted.

Thus, even if Shapiro & Zielke, LLP, did not have the authority to bind Defendant at the time it caused the Notice of Sale to be created and first published, then any harm caused by that lack of authority is harm to Defendant, not to Plaintiff. See Kenneally v. First Nat'l Bank of Anoka, 400 F.2d 838, 842 (8th Cir. 1968) ("[O]nly those who have acted in reliance upon the apparent authority of the agent are entitled to recover where the agent possessed no actual authority . . . ."). Therefore, Plaintiff does not have standing to challenge the alleged lack of authority. See, e.g., Bennett v. Spear, 520 U.S. 154, 162 (1997) (noting that, to establish standing, a plaintiff must "demonstrate that he has suffered [an] 'injury in fact' [and] that the injury is 'fairly traceable' to the actions" complained of). For these reasons, Count I fails to state a claim upon which relief can be granted.

### 2. Minn. Stat. §§ 580.03 and 331A.03 (Publication)

Count II fails because it consists of insufficient conclusory statements. In a foreclosure by advertisement, the foreclosing party must give "[s]ix weeks' published notice" that the mortgage will be foreclosed by sale of the mortgaged property. Minn. Stat. § 580.03. This published notice must be in a "qualified newspaper . . . that is likely to give notice in the affected area or to whom it is directed." Id. § 331A.03, Subd. 1. In order to become a qualified newspaper, a newspaper must, among other requirements, "be circulated in the political subdivision which it purports to serve." Id. § 331A.02, Subd. 1(d). For purposes of this statutory provision, "'[p]olitical subdivision' means a county, municipality, school district, or any other local political subdivision or local or area district, commission, board, or authority." Id. § 331A.01, Subd. 3. The Minnesota Secretary of State maintains a

list of newspapers that have filed a statement of compliance with these requirements. Id. § 331A.02, Subd. 1(j).

In this case, Plaintiff alleges that the Farmington Independent (located in Farmington, Minnesota) is not sufficiently circulated in Eagan, Minnesota (where the subject property is located) to provide sufficient notice to the people and area affected by the sale and, thus, to make it a qualified newspaper. (See Compl. ¶¶ 15–18 [Doc. No. 1].) However, both the Farmington Independent and the subject property are located in Dakota County, and none of the legal newspapers listed on the Minnesota Secretary of State website is located in Eagan. See Legal Newspapers, Minnesota Secretary of State, http://www.sos.state.mn.us/index.aspx?page=98. Thus, both the Farmington Independent and the subject property are located in the same political subdivision, and Plaintiff's conclusory allegation that the newspaper is not sufficiently circulated to provide the requisite notice is insufficient to raise a right to relief above the speculative level. See Bland v. Deutsche Bank Nat'l Trust Co., Civ. No. 13-758 (DWF/JJG), 2013 WL 4519423, at *2–3 (D. Minn. Aug. 26, 2013) (dismissing the plaintiff's claim under Minn. Stat. § 580.03 because the subject property was located in the same county as the newspaper in which the notice of sale was published and the complaint only made conclusory allegations that the newspaper was not sufficiently circulated and was not likely to give proper notice). Accordingly, Plaintiff's Count II fails.[3]

---

[3]   In addition, the Eighth Circuit Court of Appeals in Badrawi v. Wells Fargo Home Mortgage, Inc., recently affirmed the dismissal of a claim of failure to strictly comply with Minn. Stat. § 580.032, which requires recording of the notice of the pendency of the foreclosure before the first date of publication of the foreclosure notice, because the

### 3. Minn. Stat. §§ 580.03 and 580.041 (Loss Mitigation Phone Number)

Similarly, Count III fails because Plaintiff's allegations do not state a claim for failure to comply with the Help For Homeowners in Foreclosure Notice requirements. Per Minnesota statute, a foreclosure advice notice must be served along with the notice of foreclosure sale upon the person in possession of the mortgaged property. See Minn. Stat. §§ 580.03, 580.041. The foreclosure advice notice "must appear substantially" as provided in the statute, which includes the following example:

> Help For Homeowners in Foreclosure
>
> The attorney preparing this foreclosure is: ……………………………….
>                                                  (Attorney name, address, phone)
>
> It is being prepared for:
> ……………………………………………………………………………..
>                                               (Lender name, loss mitigation phone number)
>
> AS OF [insert date], this lender says that you owe $[insert dollar amount] to bring your mortgage up to date (or "reinstate" your mortgage). You must pay this amount, plus interest and other costs, to keep your house from going through a sheriff's sale. The sheriff's sale is scheduled for [insert date] at [insert time] at [insert place].

---

homeowner plaintiff was not a member of the class to be protected by that statutory provision. 718 F.3d 756, 759 (8th Cir. 2013). The court reasoned that homeowners do not require the notice protection afforded by that statutory provision because they receive personal service of the foreclosure notice pursuant to Minn. Stat. § 580.03. Id. For the same reason, homeowners likely do not require the protection afforded by Minn. Stat. § 580.03's "published notice" provision. Therefore, it is likely that Plaintiff is not among the class that is meant to be protected by the "published notice" requirement. Accordingly, Plaintiff is likely barred by Badrawi from seeking relief for any failure by Defendant to comply with the "published notice" provision in Minn. Stat. § 580.03.

> . . . .

Id. § 580.041, Subd. 2.

Here, Plaintiff alleges that the phone number included in Defendant's foreclosure advice notice (the Help For Homeowners in Foreclosure Notice) was a general number for Defendant, rather than the loss mitigation phone number for Defendant and, therefore, the notice failed to meet the statutory requirements. (Compl. ¶¶ 22–26 [Doc. No. 1].) However, the statute does not state that the "loss mitigation phone number" must connect the caller directly to the lender's loss mitigation department, and Plaintiff does not allege that the phone number included on Defendant's foreclosure advice notice could not be used to obtain loss mitigation information from Defendant. Thus, Plaintiff has not alleged facts sufficient to state a claim that Defendant failed to comply with Minn. Stat. §§ 580.03 and 580.041.

### 4. Minn. Stat. § 559.01 (Quiet Title)

Because Plaintiff's previous three claims fail, so does Count IV, which is a quiet-title action based on those claims. In Minnesota, "[a]ny person in possession of real property personally . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01. However, the fact of possession and conclusory assertions that the defendant's adverse claims are invalid are insufficient to state a claim for relief. See Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) (affirming the district court's

dismissal of the plaintiff's quiet-title claim "because the plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation"). In addition, a plaintiff who seeks to quiet title must come to court with clean hands. <u>Novak v. JP Morgan Chase Bank, N.A.</u>, Civ. No. 12-589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012) (citing <u>Santee v. Travelers Ins. Co.</u>, 275 N.W. 366, 368 (Minn. 1937)) (finding that the plaintiffs had unclean hands because they were in default on their mortgage and, therefore, that they could not state a quiet-title claim).

While Plaintiff seeks to have title to the subject property quieted in her name, she has not stated any plausible set of facts that would entitle her to such relief. In fact, in this Count of her Complaint, Plaintiff merely states that she "is the current owner and possessor of the Subject Property" and that Defendant "may make claims of an ownership interest in the Subject Property." (Compl. ¶¶ 31–32 [Doc. No. 1].) These allegations are insufficient to state a claim. Even when Plaintiff's other allegations (<u>i.e.</u>, that the individuals carrying out the foreclosure process lacked authority to do so or that various mortgage documents were inaccurate) are incorporated, her quiet-title claim fails because, as discussed above, those claims lack merit. Moreover, Plaintiff does not claim that she is not in default on her mortgage payments or that Defendant's decision to foreclose on the mortgage was improper. Rather, Plaintiff merely claims that Defendant failed to strictly comply with the foreclosure-by-advertisement statute in acting upon its decision to foreclose. Thus, Plaintiff has unclean hands. For these reasons, Plaintiff's quiet-title claim must be dismissed.

### 5. Slander of Title

Finally, Count V fails because Plaintiff has not pleaded sufficient facts to support a slander-of-title claim. To prevail in a slander-of-title action, a plaintiff must show: "(1) [t]hat there was a false statement concerning the real property owned by the plaintiff; (2) [t]hat the false statement was published to others; (3) [t]hat the false statement was published maliciously; and (4) [t]hat the publication . . . caused the plaintiff pecuniary loss in the form of special damages." Paidar v. Hughes, 615 N.W.2d 276, 279–80 (Minn. 2000). A malicious statement is one that is a "'groundless disparagement of the plaintiff's title or property . . . made without probable cause.'" Mine v. Fed. Home Loan Mortg. Corp., No. 13-220 (ADM/JSM), 2013 WL 2443852, at *5 (D. Minn. June 5, 2013) (quoting Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 226 N.W. 191, 192 (Minn. 1929)).

Here, Plaintiff claims that the documents recorded in support of the foreclosure were false because the Help for Homeowners in Foreclosure Notice contained an incorrect loss mitigation phone number, the law firm that created the Notice of Sale and caused it to be published did not have the legal authority to do so, and the Sheriff's Certificate of Sale was based on an invalid foreclosure sale. (See Compl. ¶¶ 37–42, 46 [Doc. No. 1].) As discussed above, however, Plaintiff has pleaded no plausible facts to support those allegations. Moreover, Plaintiff has made no allegation of any malice. Accordingly, Plaintiff's slander-of-title claim fails.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss [Doc. No. 4] is **GRANTED**; and

    2.       Plaintiff's Complaint [Doc. No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  October 21, 2013                s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge